## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TACITUS, LLC,

    Plaintiff,

v.                                                                        Civ. No. 20-1300 GJF/KK

AIR LIQUIDE HELIUM AMERICA, INC.,

    Defendant.

### ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL

THIS MATTER is before the Court on Defendant Air Liquide Helium America, Inc.'s Uncontested Motion for Leave to File Under Seal ("Motion") filed December 24, 2020. (Doc. 7.) The Court FINDS that the Motion is not well taken and DENIES it.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access," particularly where the district court will use the documents "to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal citations and quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (internal quotation marks omitted). "Whether a trial court exercises sound discretion will be

based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).[1] The district court must also "consider whether selectively redacting just the . . . sensitive, and previously undisclosed, information from the sealed . . . documents and then unsealing the rest" would adequately protect the privacy interests of the party seeking to seal court documents. *Pickard*, 733 F.3d at 1304. The fact that information has "already been made public" will undermine a party's privacy concerns. *Id.* at 1305 (citing *Mann*, 477 F.3d at 1149).

      In the instant case, Defendant seeks leave to file under seal the entire contract between the parties at issue in both this case and a related lawsuit Defendant has filed against Plaintiff in the Southern District of Texas. (Docs. 1, 2.) According to Defendant, the contract "clearly should be sealed" because "[t]his litigation stems, in part, from [Defendant's] purported disclosure of the Agreement's terms in an alleged breach of the confidentiality provision of the Agreement[,]" and "the Agreement contains confidential pricing information that competitors in the helium purchasing market could use to [Defendant's] competitive disadvantage." (Doc. 7 at 2.) Defendant proffers these arguments with Plaintiff's concurrence, despite the facts that both parties have initiated federal litigation regarding the contract and both explicitly agreed in the contract that "[t]he terms of this Agreement may be disclosed in any litigation involving this Agreement." (Doc. 7-1 at 16.) Defendant seeks to reconcile this language with its present sealing request by asserting that this "language is permissive, not mandatory," and that the parties' interests in keeping the terms of their agreement private should trump the public's strong interest in access to court records. (Doc. 7 at 2.)  The Court is not persuaded.

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Defendant's proffer utterly fails to satisfy the parties' burden of showing a significant interest that heavily outweighs the public's strong, presumptive right of access to the contract at the heart of this litigation and which they have asked the Court to consider in adjudicating their substantive legal rights. (*See* Docs. 1, 2, 8.)  Indeed, the pricing information that Defendant asserts, without further explanation, could be used by the open market to its competitive disadvantage, is an integral part of the claims and defenses in this and the Southern District of Texas litigation, (Docs. 1, 2); and, Defendant has already partially disclosed it in a publicly-filed pleading. (Doc. 2 at 3.)  In addition, Defendant quotes part of the confidentiality provision of the contract it seeks to hide from public view in its Motion to Dismiss. (Doc. 8.) Finally, even if Defendant had met its burden of demonstrating a significant interest in protecting previously undisclosed pricing information that outweighs the presumption of public access, it apparently failed to consider and did not address whether redacting that information would be sufficient.  In short, Defendant has failed to justify sealing the contract at issue in this case.  The Motion is **DENIED**.

        IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE